IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| COMOLETHA D'ELAFAYE JAMISON-MEANS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.: 2:16-cv-732-GMB |
| NANCY A. BERRYHILL, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is the *pro se* complaint of Plaintiff Comoletha D'elafaye Jamison-Means, who is appealing from an adverse decision of the Social Security Administration denying her claims for disability benefits. Doc. 1. Jamison-Means is proceeding *in forma pauperis*. Doc. 3. The parties have consented to the full jurisdiction of the undersigned United States Magistrate Judge. Docs. 9 & 10.

On September 9, 2016, the court entered an order directing the Commissioner to file an answer to the complaint within 90 days after service, and Jamison-Means to file her brief in support of her claims for relief within 40 days after the Commissioner filed her answer.[1] Doc. 3 at ¶¶ 1 & 2. On December 9, 2016, the Commissioner filed her answer.

---

[1] The docket notes reflect that, on October 11, 2016, Jamison-Means informed the Clerk's office that she did not receive the court's September 9, 2016 order. However, the docket notes also reflect that the Clerk's office mailed Jamison-Means a second copy of the court's September 9, 2016 order, and there is no evidence before the court suggesting that Jamison-Means did not receive this second attempt at delivery.

Doc. 11. Thus, Jamison-Means' brief in support of her claims was due on January 18, 2017.

Jamison-Means did not file her brief by January 18, 2017 in accordance with the court's September 9, 2016 order. As a result, on April 10, 2017, the court ordered Jamison-Means to show cause, on or before April 24, 2017, why her claims should not be dismissed for failure to prosecute and for failure to comply with the orders of the court.[2] Doc. 12. The court reminded Jamison-Means that, even though she is proceeding *pro se*, she is still obligated to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and any other order of the court, and that her failure to do so would result in the dismissal of her claims. Doc. 12. The record reflects that Jamison-Means signed for the receipt of the court's April 10, 2017 order on April 12, 2017. Doc. 13.

As of the date of this order, Jamison-Means has not filed a brief in support of her claims for relief or otherwise responded in any way to the court's September 9, 2016 and April 10, 2017 orders. In fact, Jamison-Means has not communicated with the court since consenting to the undersigned's jurisdiction on December 1, 2016.

The Eleventh Circuit has stated that a "district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity v. Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). "This authority includes the power to dismiss a case for failure to prosecute or failure to comply

---

[2] The court notes that its April 10, 2017 show-cause order incorrectly stated that Jamison-Means' brief was due on January 23, 2017. Doc. 12. This misstatement does not impact the current analysis.

with a court order." *Higgins v. Colvin*, 2015 WL 728513, at *1 (S.D. Ga. Feb. 19, 2015) (citing *Eades v. Ala. Dep't of Human Res.*, 298 Fed. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.")). Indeed, "dismissal pursuant to Rule 41(b) is proper where a plaintiff has failed to comply with a court order, 'especially where the litigant has been forewarned.'" *Id.* (quoting *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 Fed. App'x 654, 656 (11th Cir. 2009) (per curiam)).

Here, Jamison-Means' failure to file a timely brief, respond to the court's show cause order, or communicate with the court amounts not only to a failure to prosecute but also an abandonment of her case. *See id.* at *2. This is precisely the type of failure to prosecute and to comply encompassed by Rule 41(b). Moreover, because Jamison-Means is proceeding *in forma pauperis*, the court finds that a monetary sanction is not a feasible solution and would be ineffectual. *See id.*

Accordingly, for the reasons set forth above, it is ORDERED that this action is DISMISSED WITHOUT PREJUDICE. A final judgment will be entered separately.

DONE this 9th day of May, 2017.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE